UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
REYES AROLDO MATIAS, on behalf of herself and
all other persons similarly situated,

                      Plaintiff,                              **COMPLAINT**

  -against-

HAUPPAUGE HOTELS II, LLC d/b/a HAUPPAUGE      *FLSA Collective Action*
HOLIDAY INN EXPRESS, and TERREPIN STAFFING
CORP. d/b/a HOLIDAY INN,

                      Defendants.
------------------------------------------------------------------------X

       Plaintiff, REYES AROLDO MATIAS ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Romero Law Group PLLC, complaining of the Defendants, HAUPPAUGE HOTELS II, LLC d/b/a HAUPPAUGE HOLIDAY INN EXPRESS ("Hauppauge") and TERREPIN STAFFING CORP. d/b/a HOLIDAY INN, ("Terrepin," together with Hauppauge, as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action on behalf of herself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b), to recover unpaid overtime wages against Defendants under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"). Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any Midas FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

       2.     Plaintiff also brings this action on behalf of themselves and similarly situated current and former employees of Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") to recover damages for failure to pay overtime wages under the New York

1

Labor Law ("NYLL") and for violation of NYLL § 191 ("NYLL"), as well as violations of NYLL §§ 195(1) and (3). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief pursuant to New York Labor Law Section 198.

3.  This lawsuit seeks to recover underpayments caused by a failure to pay all hours worked beyond forty in a week at the statutorily required rate of one-and-one-half times Plaintiff's and similarly situated current and former hourly-paid workers' regular rate, and untimely wage payments and other damages for Plaintiffs and similarly situated hourly-paid employees who work or have worked for Defendant in New York State.

4.  Plaintiffs bring this action on behalf of themselves and all other similarly situated Hourly Workers in New York pursuant to Rule 23 to remedy violations of the NYLL § 190 et seq.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.  In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

7.  Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8.  At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

9. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2) and a "manual worker" within the meaning of Labor Law §190(4).

10. Defendant Hauppauge is a domestic limited liability company with a principal place of business located at 2050 Express Drive South, Hauppauge, New York 11788.

11. At all times relevant, Defendant Hauppauge was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

12. At all times relevant, Defendant Hauppauge was and still is an "employer" within the meaning of Labor Law §190(3).

13. At all relevant times, Defendant Hauppauge was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000.00, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant Hauppauge's employees were engaged in the hospitality industry and used tools, material and equipment, much of which originated in other states. Defendant Hauppauge also accepted payments in cash that naturally moved across state lines and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, all of which subjects Defendant Hauppauge to the FLSA's overtime requirements as an enterprise.

14. Defendant Terrepin is a foreign business corporation with a principal place of business located at 1550 East McKellips Road, Suite 113, Mesa, Arizona 86203.

15. At all times relevant, Defendant Terrepin was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

16. At all times relevant, Defendant Terrepin was and still is an "employer" within the meaning of Labor Law §190(3).

17. At all relevant times, Defendant Terrepin was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000.00, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant Terrepin's employees were engaged in the hospitality industry and used tools, material and equipment, much of which originated in other states. Defendant Terrepin also accepted payments in cash that naturally moved across state lines, engaged in licensing agreements with out of state companies for use of "Holiday Inn" associated trademarks, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, all of which subjects Defendant Terrepin to the FLSA's overtime requirements as an enterprise.

## NEW YORK CLASS ACTION ALLEGATIONS

18. Plaintiff brings the Second through Fifth Claims under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of: all persons who work or have worked as hourly-paid porters, cooks, groundskeepers, housekeepers, and other similarly-situated employees for Defendants in the State of New York at any time during the six (6) years prior to the filing of the original Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

19. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. Upon information and belief, there are more than forty Class Members who have worked for Defendants in hourly-paid positions in the State of New York at any time during the six (6) years prior to the filing of this Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related

4

to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

20. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty individuals who are currently, or have been, employed by Defendants in hourly-paid positions as paid porters, cooks, groundskeepers, housekeepers, or other similarly-situated positions in the State of New York at any time during the six (6) years prior to the filing of this Complaint.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants failed and/or refused to pay the Plaintiffs and Class Members overtime compensation at the correct rates of pay for all hours worked in excess of forty hours in a single workweek, whether Defendants paid Plaintiffs and Class Members on a bi-weekly basis in violation of New York Labor Law § 191, whether Defendants failed to provide accurate wage statements for each pay period; whether Defendants issued compliant wage notices at their times of hires; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

22. Plaintiffs' claims are typical of the claims of the Class that she seeks to represent. Defendants failed to pay Plaintiffs and the Class Members at the statutorily-mandated overtime rate of pay for certain hours worked in excess of forty hours during each workweek, failed to pay Plaintiffs and the Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191,

5

failed to provide accurate wage statements to Plaintiff and Class Members for each pay period pursuant to NYLL § 195(3); and failed to issue compliant wage notices at their times of hires pursuant to NYLL 195(1). Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

23. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Additionally, Defendants' violations of the New York Labor Law, including NYLL § 191 by failing to timely pay wages earned and failure to provide accurate wage statements or compliant wage notices under NYLL §§ 195(3), (1), caused Plaintiffs and other Class Members to suffer the same or similar harms. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

26. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendants. Moreover, the issues in this action can be decided by means of common, class-wide proof.

27. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

28. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

29. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## **FACTUAL ALLEGATIONS**

30. Defendants provide housing and lodging services for travelers and other customers in the Long Island, New York area.

31. Plaintiff was employed by Defendants as a porter from in or about January 18, 2022 until on or about August 30, 2022. Plaintiff's job duties included trash removal, vacuuming,

cleaning bathrooms and hotel rooms, doing laundry and other house-keeping work. At all times at least 25% of the work performed by Plaintiff was manual work.

32. Plaintiff regularly worked five days per week, from 12:00 p.m. until 8:30 p.m. on Mondays, from 6:30 a.m. until 3:00 p.m. on Tuesdays, Wednesdays, and Fridays, and from 2:00 p.m. until 10:30 p.m. on Sundays, for a total of approximately 42.5 hours per week.

33. Often Plaintiff was asked to work extra hours or extra shifts, however, Defendants frequently made her punch in late or punch out early to continue working off the clock.

34. During her employment with Defendants, Plaintiff regularly worked more than 40 hours per week. Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

35. By way of example only, despite working approximately 88.45 hours during the period of February 11 through February 25, 2022, Defendants only compensated Plaintiff for 0.08 hours of overtime, despite working *at least* 8.45 hours in excess of forty during one of the weeks during that period.

36. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

37. Defendants failed to pay Plaintiff and similarly situated persons who have worked as hourly-paid porters, cooks, groundskeepers, housekeepers, and other similarly situated employees "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendants paid Plaintiff on a bi-weekly basis pursuant to their payroll policy in violation of New York Labor Law § 191.

38. Every time that Defendants failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

39. As a result of Defendants' failure to timely pay their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

40. As a result of Defendants' failure to timely pay their wages, Plaintiff and Class Members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy.

41. By way of example, these delayed wages prevented Plaintiff and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

42. Each time that Defendants failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendants underpaid them for the work that they performed.

43. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendants benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and Class Members. For example, during the interval of the delayed wage payments, Defendants were free to utilize those funds to pay for business expenses and/or accrue interest on those funds in their business accounts.

44. Defendants failed, upon his hire or anytime thereafter, to provide Plaintiff with written notice of his rate of pay and other information required by Section 195(1) of the New York State Labor Law.

45. Defendants failed to provide Plaintiff with an accurate statement each pay period indicating the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

46. By failing to properly detail Plaintiff's hourly rate upon her hire, as well as her actual hours worked each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that she had been underpaid her overtime throughout her employment.

47. With no way to know how much she should have been making, Plaintiff worked for nearly four years without discovering that she had been underpaid nearly every week.

48. Defendants treated and paid Plaintiff, the New York Class, and the putative collective action members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

**COLLECTIVE ACTION ALLEGATIONS**

49. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

50. Plaintiff also brings FLSA claims on behalf of herself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who

performed duties including, but not limited to, trash removal, vacuuming, cleaning bathrooms, hotel rooms, and doing laundry and other house-keeping work at any time during the three (3) years prior to the filing of their respective consent forms.

51. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

52. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

53. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**OVERTIME FAIR LABOR STANDARDS ACT**

54. Plaintiff and the Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

55. Defendants employed Plaintiff and the Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff and the Collective Action Plaintiffs overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

56. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

57. As a result of Defendants' unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recover from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## OVERTIME NEW YORK LABOR LAW

58. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants employed Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

60. By Defendants' failure to pay Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

61. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

62. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action are manual workers as defined by the New York Labor Law.

64. Defendants was required to pay the Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

65. Defendants failed to pay Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action on a weekly basis and instead paid Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action bi-weekly or semi-monthly in violation of Labor Law §191.

66. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action is entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

67. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

69. Due to Defendants' failure to provide Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(1), Defendants is liable to Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## FIFTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

70. Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action with accurate statements each pay period setting forth the number of overtime hours worked and overtime wages paid as required by Labor Law Section 195(3) of the Labor Law.

72. Due to Defendants' failure to provide Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(3), Defendants is liable to Plaintiff, Class Members and each Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)   Certification of a collective action pursuant to 29 U.S.C. 216(b);

(ii.)  An order authorizing the dissemination of notice of the pendency of this action;

(iii.) Certification of the Class Action pursuant to F.R.C.P. 23;

(iv.)  Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

(v.) An order restraining Defendants from any retaliation against Plaintiff, Class Members, and any Collective Action Plaintiffs for participation in any form in this litigation;

(vi.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and its supporting regulations and the NYLL and the supporting N.Y.S Department of Labor Regulations;

(vii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(viii.) Unpaid wages and equal amount as liquidated damages pursuant to New York Labor Law, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(ix.) Damages pursuant to New York Labor Law §198;

(x.) All attorneys' fees incurred in prosecuting these claims;

(xi.) All costs incurred in prosecuting these claims;

(xii.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 15, 2023

                              ROMERO LAW GROUP PLLC

By: ***/s Matthew J. Farnworth***
Matthew J. Farnworth, Esq.
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com
*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Holiday Inn Express., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in Spanish.

_____          8-22-22
Reyes A. Alay Matias                              Date